IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAMS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:17-CV-387-O | |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Jeffrey Williams, a state prisoner who was confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought, the Court has concluded that the petition should be dismissed, in part, as a successive petition and denied, in part.

**I. BACKGROUND**

At the time the petition was filed, Petitioner was serving an eight-year sentence in TDCJ on his 2011 conviction in Tarrant County, Texas, Case No. 1243460R, for sexual assault. Pet. 2,[1] ECF No. 1. This is Petitioner's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction. Pet., Williams v. Stevens, No. 4:14-CV-274-A, ECF No. 1.[2] Telephonic communication with TDCJ's parole division on this date confirmed that Petitioner fully discharged his sentence on February 25, 2018. Petitioner asserts that on February 2, 2017, he was civilly committed as a sexually violent predator under chapter 841 of the Texas Health

---

[1]Because there are unpaginated pages attached to the form petition, the pagination in the ECF header is used.

[2]The Court takes judicial notice of the pleadings and state court records filed in the prior federal habeas action.

& Safety Code. Pet'r's Mem. 6, ECF No. 9. He raises the following grounds for relief, verbatim:

(1) misrepresentation/legal malpractice;
(2) legal innocence /w factual basis;
(3) incompetent; and
(4) right to due process clause and violations.

Pet. 6-7, ECF No. 1.

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

After reviewing Petitioner's current claims, it is apparent from the face of the petition that it is a second or successive petition as to grounds two through four–*i.e.,* the claims were or could have been raised in his first petition, and Petitioner neither asserts nor demonstrates that he has received authorization from the Fifth Circuit Court of Appeals to file the petition. *See* 28 U.S.C. § 2244(b)(1)-(3). *Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps*, 127 F.3d 364, 365

2

(5th Cir. 1997). The Court chooses the first procedure as to grounds two through four.

Under his first ground, Petitioner asserts that his trial counsel was ineffective by failing to warn or inform him that his guilty plea could lead to civil commitment as a sexually violent predator. Pet'r's Aff. 2-3, ECF No. 13. Arguably, this claim could not have been raised in Petitioner's earlier petition. Thus, the petition as to ground one is not subject to the successive-petition bar.[3] Nevertheless, the claim fails to warrant federal habeas relief.

Counsel generally has an obligation to inform a defendant of the direct consequences of a guilty plea but has no duty to inform him of collateral consequences of pleading guilty, save for the risk of deportation. *Padilla v. Kentucky,* 559 U.S. 356, 365-74 (2010). Courts have held that the risk of civil commitment is a collateral consequence of a plea, not a direct consequence. *See United States v. Reeves,* 695 F.3d 637, 640 (7th Cir. 2012); *United States v. Youngs,* 687 F.3d 56, 63 (2d Cir. 2012); *George v. Black,* 732 F.2d. 108, 110-11 (8th Cir. 1984). Therefore, Petitioner's trial counsel was not ineffective by failing to advise Petitioner that he may be subject to civil commitment upon his release from prison on the sexual assault charge to which he pleaded guilty. Nor does the failure to inform a defendant about possible civil commitment render a plea involuntary. *See Steele v. Murphy,* 365 F.3d 14, 16 (1st Cir. 2004). And, given the favorable terms of the plea bargain, Petitioner's rejection of the plea bargain would have been irrational under the circumstances. *Padilla,* 559 U.S. at 372.

For the reasons discussed herein,

Petitioner's petition as to grounds two through four is DISMISSED without prejudice subject

---

[3]The Court notes that Petitioner exhausted his state-court remedies by raising the claim in a second state habeas-corpus application, which was dismissed by the Texas Court of Criminal Appeals as a subsequent application under Texas Code of Criminal Procedure article 11.07, § 4(a)-(c).

to authorization from the Fifth Circuit Court of Appeals to bring the petition in accordance with the provisions of 28 U.S.C. § 2244(b). The petition is DENIED as to ground one. A certificate of appealability is also DENIED.

**SO ORDERED** on this 9th day of October, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**